Filed 12/23/20  P. v. Diaz CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B301598 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. BA225116 |
| v. | |
| JUAN ANTONIO DIAZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Terry A. Bork, Judge.  Reversed and remanded.

Kathy R. Moreno, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles Lee and David E. Madeo, Deputy Attorneys General, for Plaintiff and Respondent.

Juan Antonio Diaz appeals from the superior court's denial of his petition for resentencing under Penal Code section 1170.95.[1]  The Attorney General agrees the court erred in denying the petition without issuing an order to show cause and proceeding to an evidentiary hearing.  Accordingly, we reverse the court's order denying Diaz's petition and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

A jury convicted Diaz of first degree murder and attempted second degree robbery in the October 2001 shooting of Hector Quevado.  (*People v. Diaz* (Aug. 30, 2004, B169353) [nonpub. opn.].)  The jury found true allegations that Diaz committed the crimes for the benefit of a criminal street gang and that a principal personally and intentionally discharged a firearm causing Quevado's death.  (*Ibid*.)  The trial court—the Honorable Marsha N. Revel—sentenced Diaz to a term of 50 years to life in prison.  (*Ibid*.)  On August 30, 2004, we affirmed Diaz's conviction.  (*Ibid*.)

After Senate Bill No. 1437 (SB 1437) took effect, Diaz filed, on April 22, 2019, a petition for resentencing under section 1170.95.  The petition was assigned to Department 128 of the Los Angeles Superior Court in downtown Los Angeles.  The judge now assigned to that court is the Honorable Terry A. Bork.  The Office of the Alternate Public Defender was appointed to represent Diaz.  The District Attorney filed an opposition to the petition, Diaz's counsel filed a reply, and the prosecution filed a surreply.

Judge Bork held a hearing on the petition on September 30, 2019.  Diaz was present with counsel.  The court stated it had read the written submissions as well as the court of appeal's

___

[1]  References to statutes are to the Penal Code.

unpublished opinion affirming Diaz's conviction. After hearing counsel's arguments, the court denied the petition. Judge Bork noted he had not presided over the trial "and so therefore [his] knowledge of the facts . . . is, of course, derivative." The court stated, "I rely on the court of appeal's statement of facts for the factual background of this case and make my determinations based upon that."

"Turning to the facts of this case as they are reported by the court of appeal," Judge Bork noted Diaz and his co-defendant Abel Lopez were fellow gang members. After detailing the evidence at trial as set forth in the opinion on direct appeal, the court stated Diaz "was a ringleader in the robbery" who "directed" Lopez to make a gang challenge to the victim, "first introduced violence by striking the victim," and "then stood and watched without objection as [Lopez] fired four or five shots at the victim." Judge Bork concluded, "the evidence at trial, as described in the court of appeal's opinion, show[s] that the defendant was a major participant in the crime and acted with reckless indifference" to human life within the meaning of sections 189, subdivision (e)(3) and 190.2, subdivision (d). The court stated Diaz therefore was "not eligible for relief" and denied his petition.

## DISCUSSION

On appeal, Diaz contends the superior court erred by denying his petition based on the court of appeal's opinion without permitting him to present new evidence as well as argument on accomplice liability under *People v. Banks* (2015) 61 Cal.4th 788. The Attorney General agrees.

The Attorney General notes "the superior court must engage in a two-step procedure before it may issue an order to show cause." Here, "[t]he parties completed that process, which revealed that [Diaz's] murder conviction could have been

based on a felony murder theory."  The Attorney General states, "While the trial court's characterization of the facts [as stated in this Court's appellate opinion] appears to be correct, there is no indication in the record that [Diaz] was ineligible for relief as a matter of *law*."  The Attorney General concludes, "Therefore, the trial court should have issued an order to show cause and held an evidentiary hearing under section 1170.95, subdivision (d), to weigh the evidence and decide whether relief should be granted."

The Attorney General explains,

"Here, there is nothing in the record that indicates [Diaz] was necessarily convicted of felony murder based on a theory that he was a major participant in the robbery and acted with reckless indifference to human life.  The finder of fact was not specifically required to consider that question because he was not charged with special circumstance[s] felony murder under section 190.2.  Nor would it have been required to find [Diaz] was the actual killer or acted with actual malice.  Before Senate Bill 1437, section 189 permitted a conviction for felony murder by simply imputing malice to those who commit a felony inherently dangerous to human life which results in homicide.  (*People v. Chun* (2009) 45 Cal.4th 1172, 1184.)  Also, the jury was instructed on the pre-Senate Bill 1437 version of felony  murder.  (SCT 104; CALJIC No. 8.21.)  As a result, the court's observations about the evidence in the record in support of a major participant/reckless indifference finding are

insufficient to show that [Diaz] is absolutely ineligible for section 1170.95 relief as a matter of law. (See [*People v*.] *Verdugo* [(2020)] 44 Cal.App.5th [320,] 329-330.)"

In short, the parties agree we must remand the case for the trial court to issue an order to show cause and to proceed to an evidentiary hearing at which the prosecution has the burden of proving beyond a reasonable doubt that Diaz is ineligible for resentencing and both parties may offer new or additional evidence to meet their respective burdens. (§ 1170.95, subd. (d)(3).)

Two additional points: First, the Attorney General notes that, if the trial court grants Diaz's resentencing petition on the murder count, the firearm enhancement cannot be imposed. The court at that juncture would resentence Diaz on the remaining attempted robbery count and the applicable enhancements.

Second, our colleagues in Division 5 recently held that section 1170.95, subdivision (b)(1) requires the judge who originally sentenced the petitioner to rule on the petition for resentencing, unless that judge is unavailable. (*People v. Santos* (2020) 53 Cal.App.5th 467, 472-473.) Accordingly, the Honorable Marsha N. Revel—who presided over Diaz's trial and sentenced him—should hear and decide Diaz's petition unless she is unavailable.

## DISPOSITION

We reverse the superior court's order denying Juan Antonio Diaz's petition for resentencing and remand the case for further proceedings consistent with this opinion.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EGERTON, J.

We concur:



EDMON, P. J.



LAVIN, J.